**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

PAUL WILSON,                              )
                                         )
              Plaintiff,                  )
                                         )
       v.                                 )              No. 4:21-CV-1178 RLW
                                         )
JASON TURNER, et al.,                     )
                                         )
              Defendants.                 )

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on the motion of self-represented plaintiff Paul Wilson, an inmate at Eastern Reception Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without payment of the required filing fee.  (ECF No. 3.) Having reviewed the motion and the financial information submitted in support, the Court determines plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $10.12. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will allow plaintiff the opportunity to submit an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, plaintiff has submitted two copies of his inmate account statement. (ECF Nos. 4, 8.) A review of plaintiff's account indicates an average monthly deposit of $8.50 and an average monthly balance of $50.62. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $10.12, which is 20 percent of plaintiff's average monthly balance.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

2

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On September 30, 2021, self-represented plaintiff Paul Wilson filed the instant action on a Court-provided form complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff names seven defendants in their official and individual capacities: (1) Jason Turner, Functional Unit Manager; (2) Justin Miller, caseworker; (3) Nicholas Weber, caseworker; (4) Jacob Smith, correctional officer I; (5) Darlene Kennon, correctional officer II; (6) Austin Woodcock, correctional officer I; and (7) Sergeant John Doe, correctional officer II. All defendants are alleged to be employees of the Missouri Department of Corrections.

Plaintiff asserts his statement of the claim on approximately thirty-four pages of notebook paper. (ECF No. 1, at 6-40.) Many of his allegations do not relate to the named defendants, and involve events occurring over a forty-year period.

Plaintiff states he was wrongfully charged with rape in 1980. He appears to complain his guilty plea should not have been accepted because he told the judge he was only entering such a plea because the "public defender told [him] that the prosecutor would tell the girl to cry[,] and the jury would find [him] guilty." While on probation for the rape offense, plaintiff states he was at his cousin's apartment when a detective and police officer performed a search and found a gun. Plaintiff's probation was revoked and he was remanded to the Missouri Department of Corrections.

After his release in 1982, plaintiff was a passenger in a vehicle involved in a high-speed chase with police. During his apprehension, plaintiff states a female arrived on the scene and accused him of robbing a restaurant. Plaintiff denied involvement in the robbery but was charged with the offense. Plaintiff states he pled not guilty but the judge entered a guilty plea. He was sentenced to twenty years of incarceration. Plaintiff alleges the judge, prosecutor, and public defender, who are not defendants in this action, conspired against him.

Plaintiff states he filed a post-conviction motion in 1988 and was assigned a public defender who failed to meet with him. In 1995, plaintiff filed a state habeas corpus petition. His petition was denied by the circuit court and affirmed on appeal. Plaintiff alleges all three levels of the state court system conspired against him to keep him illegally incarcerated so "slavery can live on." Plaintiff asserts state officials "created an undercover (underground) illegal slave system thru the justice system." Plaintiff states he "sought to expose this system of dungeon and dragon in the 90s and early 2000s," which resulted in him being "attacked by prison staff, mentally and physically, using psychological mental torture and physical deprivation[.]" Plaintiff alleges unidentified individuals used inmates "to go out and rape, rob and murder" by telling them "they were the lotuses from the bottomless pit in the book of revelations[.]" Plaintiff asserts he was

4

diagnosed with paranoid schizophrenia "so no one would believe in what [he] was trying to expose[.]"

Plaintiff was again charged with rape in 2006, and sentenced to twenty-five years of incarceration. Plaintiff states he requested protective custody because he learned there was a "hit on [his] life by the alleged victim's son." Plaintiff claims his constitutional rights were violated because he was denied personal property while he was in protective custody. At some point, plaintiff complains the institution attempted to place him in general population. In retaliation, plaintiff "thr[e]w piss" on a sergeant.

In 2021, plaintiff was transferred to ERDCC. He takes issue with the transfer because he alleges his enemy is housed in protective custody at ERDCC. Plaintiff did not submit an enemy waiver, however. Plaintiff states he was interviewed by defendants Turner, Miller, and Weber who denied him protective custody because he could not provide them with the name of an individual he fears in general population. Plaintiff requested transfer to another institution but defendants Turner and Miller told him "that will not happen."

On September 1, 2021, defendant Smith allegedly attempted to place plaintiff with a cellmate. Plaintiff protested the placement due to the hit on his life from 2006. Plaintiff asserts defendant Smith provided him with a "false violation," and defendant Kennon permitted the issuance of the violation. The following day, defendant Woodcock attempted to place him with another cellmate. Plaintiff again protested, and defendant John Doe "spray[ed] [him] with chemicals[.]"

Plaintiff was later taken to a suicide cell after he wrote a letter to prison officials stating he dreamed of killing his cellmates. Plaintiff claims the placement constituted harassment because he

only had dreams of killing, not actual thoughts of doing so, and he could not control his dreams. Plaintiff alleges defendant Woodcock unreasonably handcuffed him to a bench for two hours in the middle of his transfer from the suicide cell back to a regular cell. Plaintiff complains correctional officers continue to attempt to assign him a cellmate, which he always refuses with a request for single-cell status.

Plaintiff states he has been trying "to expose that the prison staff of so-called men are all gay undercover" and have "fake G.E.D.s, high school diplomas, and college degrees." Plaintiff believes the correctional officers have a "standing war" against him because he has been attempting to expose the truth.

Plaintiff describes his injuries as "great mental pain, stress, tension, despair, depression, anxiety, anger, distraction, along with physical burning pain and headaches and breathing difficulties for days." For relief, plaintiff seeks $10 million in actual damages and $20 million in punitive damages.

### Discussion

Having thoroughly reviewed and liberally construed the complaint, and for the reasons discussed below, the Court will direct plaintiff to amend his complaint.

First, plaintiff is advised that Rule 8(a) of the Federal Rules of Civil Procedure, which governs pleading standards requires only a "*short and plain statement of the claim* showing that the pleader is entitled to relief." (emphasis added). In order to conform to the requirements of Rule 8, plaintiff's complaint must contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P.

8(a). Rule 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Under federal "notice pleading" rules, a pleading need only be sufficient to place the opposing party on notice of the possible claims. *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). The primary purpose of Rule 8 is to allow the Court and the opposing party to understand whether a valid claim is alleged and, if so, what it is. *Id.* The complaint must be sufficiently clear so the Court or opposing party "is not required to keep sifting through it in search of what it is plaintiff asserts." *Id.* (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994)).

Although plaintiff is self-represented, he must still comply with the orders of this Court and the Federal Rules of Civil Procedure. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996); *American Inmate Paralegal Ass'n v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988). Here, plaintiff's complaint abjectly fails to meet the short and plain statement requirement of Rule 8(a) and is the opposite of "simple, concise, and direct." The Court finds plaintiff's thirty-four page statement of the claim lengthy, repetitive, and disorganized, making it difficult for the Court to decipher the specific allegations plaintiff intends to bring against each named defendant or how some of the defendants are directly responsible in their individual capacities.[1] As such, Plaintiff's complaint is subject to dismissal for failure to comply with Rule

---

[1] "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). In order to state an actionable civil rights claim against each defendant, plaintiff must set forth *specific* factual allegations showing what that particular defendant actually did, or failed to do, that violated the plaintiff's federally protected rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing). Plaintiff cannot hold Defendants liable simply

8(a). The Court, however, will allow Plaintiff an opportunity to amend his complaint to bring it in compliance with Rule 8.

Second, plaintiff's claims are subject to dismissal because they impermissibly involve unrelated events. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  For example, in the instant complaint, his rape conviction from 1980 is unrelated to his robbery conviction from 1982, which are both unrelated to his claims against the named defendants who allegedly violated his constitutional rights during his incarceration at ERDCC. Unrelated claims against different defendants belong in different suits, in part to ensure that prisoners pay the required filing fees. Thus, if it is plaintiff's intent to bring this action alleging unconstitutional conditions of confinement at ERDCC, it is not appropriate for him to also bring allegations related to events occurring prior to his incarceration at the ERDCC.

Third, plaintiff's official capacity claims are subject to dismissal because a "suit against a public employee in his or her official capacity is merely a suit against the public employer."

---

because they held supervisory or administrative positions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983).

*Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). The individual defendants here are alleged to be employees of the State of Missouri. A plaintiff cannot bring a claim for damages against the State of Missouri under 42 U.S.C. § 1983 because the state is not a "person." *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Further, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Thus, liberally construing the complaint, plaintiff's allegations against all defendants in their official capacities are subject to dismissal pursuant to § 1915(e)(2)(B) for failure to state a claim.

Fourth, to the extent plaintiff is intending to allege claims for false imprisonment, false arrest, or malicious prosecution, such claims fail to state a claim for relief. A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir .1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). If plaintiff was granted relief on his false imprisonment, false arrest and/or malicious prosecution claims, the validity of his conviction would necessarily be called into question. Accordingly, these claims are barred.

9

Finally, plaintiff's allegations that an unidentified judge, prosecutor, and public defender, or employees of ERDCC conspired against him are insufficient to state a claim for relief. The facts alleged with respect to a conspiracy must be specific. *White v. Walsh*, 649 F.2d 560, 561 (8th Cir. 1981). Plaintiff has made only conclusory allegations that these individuals conspired against him, which do not indicate a conspiracy to deprive plaintiff of his constitutional rights. Moreover, because plaintiff does not name a judge, prosecutor, or public defender as defendants in this action, plaintiff's conspiracy allegations are frivolous.

In consideration of plaintiff's self-represented status, the Court will allow him the opportunity to submit an amended complaint that focuses on related allegations as required by Fed. R. Civ. P. 20(a)(2). In order to survive initial review, plaintiff must limit his allegations to those that directly implicate the named defendants and which relate to events arising out of the same transactions or occurrences. In other words, if he desires to bring this action against employees at ERDCC, his complaint must only address related incidents which occurred at that institution.

### Instructions on Amending the Complaint

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

10

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Further, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

11

Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

Finally, plaintiff is directed to complete the form complaint in its entirety, including the physical injuries he has sustained directly from his stated allegations. An action pursuant to 42 U.S.C. § 1983 is a tort claim, and a plaintiff must suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). The Prison Litigation Reform Act ("PLRA") states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a *de minimis* physical injury.").

### Motion to Appoint Counsel

Plaintiff has filed two motions for appoint counsel. (ECF Nos. 2, 9.)  In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of

conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny his motions without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $10.12 by **November 19, 2021**. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form by **November 29, 2021**.  Plaintiff is advised that his amended complaint will take the place of his original complaint and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [ECF Nos. 2, 9] are **DENIED** at this time.

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply timely and fully with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this <u>29th</u> day of October, 2021.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

14