#### UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF MISSOURI
#### EASTERN DIVISION

| | | |
|---|---|---|
| PAUL WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1178 RLW |
| | ) | |
| JASON TURNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Paul Wilson's filing of a document titled, "Motion of Written Specific Objections." ECF No. 15. In the motion, plaintiff states an explicit refusal to file an amended complaint or pay the initial partial filing fee. Having reviewed the motion, the Court will dismiss this action for plaintiff's failure to comply with this Court's October 29, 2021 Order.

### Background

On September 30, 2021, plaintiff Paul Wilson, an inmate at Eastern Reception Diagnostic and Correctional Center ("ERDCC"), filed the instant action on a Court-provided form complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff named seven defendants in their official and individual capacities, all of whom were alleged to be employees of the Missouri Department of Corrections. His statement of the claim was presented on approximately thirty-four pages of notebook paper. ECF No. 1, at 6-40. Plaintiff also filed a motion for leave to proceed *in forma pauperis*, supported by two copies of his inmate account statement. ECF Nos. 2, 4, 8.

In his lengthy complaint, plaintiff asserted he was wrongfully sentenced on a rape charge in 1980 and a robbery charge in 1982. Plaintiff alleged a conspiracy between the judge, prosecutor,

and public defender, none of whom are named defendants in this action. Plaintiff claimed his state habeas corpus petition was denied as a result of a judicial conspiracy to keep him illegally incarcerated so "slavery can live on." Plaintiff "sought to expose this system of dungeon and dragon in the 90s and early 2000s," which resulted in him being "attacked by prison staff, mentally and physically, using psychological mental torture and physical deprivation[.]" Plaintiff further alleged that unidentified individuals used inmates "to go out and rape, rob and murder" by telling them "they were the lotuses from the bottomless pit in the book of revelations[.]"

After he was convicted on a second rape charge in 2006, plaintiff sought protective custody due to a "hit on [his] life by the alleged victim's son." Plaintiff asserted his constitutional rights were violated because he was denied personal property while he was in protective custody. In 2021, plaintiff was transferred to ERDCC, where he was allegedly denied continued protective custody by defendants Turner, Miller, and Weber. Plaintiff requested transfer to another institution, but defendants Turner and Miller told him "that will not happen." After plaintiff refused placement with a cellmate, he was allegedly issued a false violation by defendant Smith and "spray[ed] with chemicals" by defendant John Doe.

Plaintiff was subsequently housed in a suicide cell after he wrote a letter to prison officials stating he dreamed of killing his cellmates. Plaintiff claimed the placement constituted harassment because he only had dreams of killing, not actual thoughts of doing so, and he could not control his dreams. Plaintiff further alleged defendant Woodcock unreasonably handcuffed him to a bench for two hours in the middle of his transfer from the suicide cell back to a regular cell. Plaintiff stated he has been trying "to expose that the prison staff of so-called men are all gay undercover" and have "fake G.E.D.s, high school diplomas, and college degrees." Plaintiff believes the

correctional officers have a "standing war" against him because he has been attempting to expose the truth.

On October 29, 2021, the Court granted plaintiff leave to commence this civil action without payment of the required filing fee. ECF No. 12. The Court assessed an initial partial filing fee of $10.12, which was 20 percent of plaintiff's average monthly balance as reflected in his inmate account statements. *Id.* at 2. He was directed to pay this initial filing fee no later than November 19, 2021.

On the same date his motion to proceed *in forma pauperis* was granted, the Court also reviewed his complaint pursuant to 28 U.S.C. § 1915. *Id*. The Court provided a detailed summary of his thirty-four page statement of the claim and determined his claims were subject to dismissal for five separate reasons: (1) failure to meet the short and plain statement requirement of Rule 8(a) of the Federal Rules of Civil Procedure, which governs pleading standards; (2) his allegations impermissibly involved unrelated events in violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure; (3) his official capacity claims for monetary damages failed to state a claim and were barred under the Eleventh Amendment; (4) to the extent plaintiff was intending to allege claims for false imprisonment, false arrest, or malicious prosecution, such claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); and (5) his conspiracy claims were insufficient to state a claim for relief due to the conclusory manner in which they were alleged.

In consideration of plaintiff's self-represented status, the Court directed him to submit an amended complaint consisting of only related allegations, as required by Fed. R. Civ. P. 20(a)(2), with facts explaining how each named defendant was personally involved in or directly responsible for harming him. Plaintiff was provided with detailed instructions on how to format and submit his amended complaint. He was directed to submit the amended complaint no later than November

29, 2021. Plaintiff was warned that if he failed to timely and fully comply, the Court would dismiss the instant action without prejudice.

## Discussion

On November 18, 2021, plaintiff filed the instant "Motion of Written Specific Objections." ECF No. 15. Within the motion, plaintiff explicitly states, "I will not pay the partial filing fees nor amend my complaint, and I object to your attempt to try to steer me to do so." *Id.* at 6.

Plaintiff first disagrees with the Court's determination to assess an initial partial filing fee of $10.12, which is 20 percent of plaintiff's average monthly balance, as reflected from the two inmate account statements he filed. In contesting the Court's October 29, 2021 Order, plaintiff states:

> I object to you trying to make me pay partial filing fees with my state tips. Y'all appear to be desperate for money and trying to be an obvious stumbling block. Y'all are not cherubims [sic] at the east gate with flaming swords (red tape) that turn every way to protect the access of Eden. Y'all are not the guardians of the sacred mosque. What y'all are doing is unprinciple[d] and conniving.

*Id.* at 3-4.

Plaintiff then asserts his unwillingness to file an amended complaint. He contends his original filing was "organized and percise [sic]" and "lengthy because it is need to be to follow and lead to how the defendants are apart [sic] of a conspiracy against [his] person and the Constitution of the United States." *Id.* at 1. Plaintiff states he is "not going to amend [his] complaint because it do[es] not need amended at this time," but will "amend [his] complaint after discovery, because [he] need[s] a lot of names and documents in named and unnamed defendants in this conspiracy." *Id.* at 4. Plaintiff also appears to threaten the Court and/or the parties by stating that "those who oppose" the truth of his allegations "shall see hell." *Id.* at 5.

4

The instant motion clearly indicates plaintiff's intent to disregard this Court's October 29, 2021 Order requiring him to pay his initial partial filing fee no later than November 19, 2021, and to file an amended complaint no later than November 29, 2021. As of the date of this Order, plaintiff has not complied and the time for doing so has passed.

"A district court has power to dismiss an action for refusal of the plaintiff to comply with any order of court, Fed. R. Civ. P. 41(b), and such action may be taken on the court's own motion." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)). Although plaintiff is self-represented, he must still comply with the orders of this Court and the Federal Rules of Civil Procedure. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996); *American Inmate Paralegal Ass'n v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988). The Court cautioned plaintiff that a failure to comply would result in dismissal of this action without prejudice and without further notice. ECF No. 12 at 14. *See also Johnson-Bey v. Mehan*, No. 4:20-CV-1479-SRW, 2020 WL 6868367, at *2 (E.D. Mo. Nov. 23, 2020) (a plaintiff cannot "reject" an Order of the Court and unilaterally decide not to comply). As a result, this action will be dismissed for failure to comply with a Court Order.[1] *See* Fed. R. Civ. P. 41(b).

In addition, the Court in its prior order already reviewed plaintiff's claims against defendants pursuant to § 1915, and determined they are subject to dismissal. This Court is required to dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

---

[1] A Court is permitted to dismiss an action for failure to pay an initial partial filing fee as long as it has determined that the failure to pay was not attributable to circumstances beyond the inmate's control, such as a prison official's failure to adhere to his request to remit payment using funds from his account. *See Taylor v. Cassady*, 570 F. App'x 632 (8th Cir. 2014). Here, plaintiff is expressly refusing to comply with the Court's fee-payment Order, and not because of a circumstance beyond his control.

which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court ordered plaintiff to file an amended complaint for the purpose of providing him the opportunity to cure his pleading deficiencies ,as the majority of his allegations did not relate to the named defendants, and involved events occurring over a forty-year period. Plaintiff expressly refuses to do so and states his intent to stand upon the original complaint as filed, which the Court determined is subject to dismissal on initial review.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion of Written Specific Objections is **DENIED**. [ECF No. 15].

**IT IS FURTHER ORDERED** this action is **DISMISSED** without prejudice for failure to comply with this Court's October 29, 2021 Order. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

Dated this 1st day of December, 2021.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**